HICKORY SPECIALTIES, INC.

v.

FOREST FLAVORS INT'L, INC.
and Samuel D. Crace.

No. 2:97–0008.

United States District Court,
M.D. Tennessee,
Northeastern Division.

Aug. 18, 1998.

Jay Scott Bowen, Timothy L. Warnock, Sarah W. Anderson, Bowen, Riley, Warnock & Jacobson, PLC, Nashville, TN, for Hickory Specialties, Inc.

Benjamin Cleveland Fordham, Craig Vernon Gabbert, Jr., David Alexander Fardon, Joseph Allen Kelly, Harwell, Howard, Hyne, Gabbert & Manner, Nashville, TN, for Forest Flavors International, Inc., Samuel D. Crace.

## *MEMORANDUM*

WISEMAN, Senior District Judge.

Before the Court is (1) the defendants' Third Motion for Summary Judgment; (2) the plaintiff's Motion to Alter or Amend the Judgment; and (3) the plaintiff's Motion for Oral Argument. For the reasons stated below, the Court DENIES the defendants' Third Motion for Summary Judgment; (2) GRANTS the plaintiff's Motion to Alter or Amend the Judgment; and (3) DENIES the plaintiff's Motion for a Hearing, finding a hearing to be unnecessary. No longer pending before the Court is HSI's Motion for an Order Compelling Discovery.[1] (Doc. 91).

### I. Relevant Background

On June 18, 1998 this Court granted in part and denied in part the defendants' second motion for summary judgment. (Doc. 74.) The Court dismissed Count V of the plaintiff's complaint, but allowed Counts II, III, and IV to survive summary judgment. The Court held that post-patent refinements qualify for trade secret protection as an exception to the general patent preemption rule, and found that a question of material fact exists as to whether this refinement exception should apply in the instant case. (Doc. 73, at 15.)

The record contained a list of 31 items which HSI identified as trade secrets. (Doc. 18, ex. F, no. 1.) The Court concluded that some evidence in the record indicated that HSI's list of 31 items may have merely clarified information already disclosed (or required to have been disclosed) in the patent. (Doc. 73, at 15.) The Court reasoned that since applications for patents must set forth information sufficiently to allow other people who are skilled in the art to reproduce the patented information, mere clarification of the patent's contents would be preempted. *Id.* At the same time, the Court found evidence to the contrary indicating that HSI may have made refinements to its patent. *Id.* at 16. In effect, the Court's June 18, 1998 opinion limited the proof which the parties could present at trial to proof of post-patent refinements.

On June 30, 1998, FFI and Mr. Sam Crace filed their third motion for summary judgment. (Doc. 75.) FFI asserts therein that no evidence exists within the record from which a fact-finder could reasonably conclude that any part of HSI's process that HSI identified as a trade secret was a post-patent refinement. *Id.* On the same day, HSI filed a motion to alter or amend the judgment of June 18, 1998. (Doc. 79.) HSI attached new authority to its motion, and asserts that this Court erred when it held that failure to disclose information that should have been disclosed under 35 U.S.C. § 112 results in the loss of trade secrets. HSI further relies on the new authority to assert that while one cannot claim simultaneous patent and trade secret protection in identical information, information that is not disclosed in a patent is not made public and, therefore, remains a trade secret.

On July 13, 1998, FFI issued a statement regarding HSI's motion to alter or amend the judgment, stating its procedural objection to the Court altering or amending its June 18, 1998 opinion, and stating that it would not respond pursuant to Local Rule 8(b)(3). (Doc. 87.) On July 30, 1998, HSI responded to FFI's third motion for summary judgment. (Doc. 102.) On August 10, 1998, FFI replied to HSI's response to FFI's third motion for summary judgment. (Doc. 111.)

---

1. According to one of the defendants' attorneys, Mr. Fardon, the parties resolved their dispute concerning the motion for an order compelling discovery. Mr. Fardon notified the Court of this resolution by telephone on July 20, 1998.

## II.  Law and Analysis

### A.  Motion to Alter or Amend

■ It is within the inherent power of the Court to amend its interlocutory orders as justice requires.  56 Am.Jur.2d *Motions, Rules and Orders* § 42 (1971).  HSI filed a motion to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.  However, as the defendants note, an order denying summary judgment does not qualify as a judgment under Rule 54(a).  10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2651 (3d ed.1998).  By considering HSI's motion as if it had been filed properly under Rule 60(b), the Court may amend its interlocutory order of June 18, 1998 if it finds that justice so requires.  Fed. R.Civ.P. 60(b)(6) (1998).

■ In the instant case, the Court finds that it should amend its order of June 18, 1998.  As explained above, the Court held that failure to disclose information that should have been disclosed under 35 U.S.C. § 112 results in loss of trade secrets. (Doc. 75, at 15.)  The Court reasoned, therefore, that mere clarification of patented information does not qualify for trade secret protection since the patent laws require applications for patents to set forth sufficient information to allow others skilled in the art to reproduce the information or technology.  *Id.*  Nevertheless, the Court also announced that post-patent refinements qualify for trade secret protection as an exception to the general rule of patent preemption.  *Id.* (citing *Arco Indus., Corp. v. Chemcast Corp.*, 633 F.2d 435, 442 (6th Cir. 1980)).  The Court concluded that a question of material fact existed as to whether HSI had made any post-patent refinements to its liquid smoke, and that those refinements would be exempt from the general patent preemption rule.  *Id.*

Only after the Court reached its decision on the defendants' second motion for summary judgment, and after HSI filed its motion to alter or amend, did HSI submit new authority to support its position that the fact that some information is revealed through a patent does not necessarily preempt trade secret status for information that is not revealed through the patent.  (HSI's Supp. Auth., Doc. 86.)  In its post-June 18, 1998 filings, HSI cites *Christianson and Int'l Trade Services, Inc. v. Colt Industries Operating Corp.*, for support that trade secrets are not preempted merely because they should have been disclosed under the enabling requirement of the patent laws.  822 F.2d 1544, 1547, 1560 (Fed.Cir.1987) (vacated for lack of jurisdiction at 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988), and adopted in *Christianson v. Colt Ind. Operating Corp.*, 870 F.2d 1292 (7th Cir.1989)).  In *Colt*, the Federal Circuit reversed the district court for ruling that non-compliance with 35 U.S.C. § 112 preempts state trade secret law.  822 F.2d at 1563.  After the Supreme Court vacated the Federal Circuit's decision for lack of jurisdiction, the Seventh Circuit adopted the Federal Circuit's conclusion and rationale.  870 F.2d at 1303.  In reversing the district court's finding that the plaintiff's trade secrets were preempted, the Seventh Circuit criticized the district court's rationale.  *Id.* (explaining that the "only ground cited by the district court for the invalidation of the trade secrets was that [the plaintiff] should have disclosed those [trade secrets] in its patent applications pursuant to the enablement and best mode requirements.").

In its filing of supplemental authority, HSI also directs the Court to a treatise which teaches that information not disclosed in a patent can remain protected as a trade secret, and criticizes the district court in *Colt* for its opinion.  *See* Melvin F. Jager, *Trade Secrets Law* § § 6.03(3)–(4), 10.01(1)–(4) (1998).  Jager explains that "if the teachings of the patent do not reveal the details of the trade secret, the issuance of the patent will not terminate the right to protection" as a trade secret.  *Id.* at § 6.03(3).

■ Based on Jager's treatise, and both the Seventh and Federal Circuits in *Colt*, the Court GRANTS HSI's motion to amend its order of June 18, 1998, and holds that if the patent does not reveal the details of HSI's alleged trade secrets, the patent will not preempt the trade secrets.  Fed.R.Civ.P. 60(b).  The Court redacts that part of its holding that failure to disclose information

that should have been disclosed under 35 U.S.C. § 112 results in loss of trade secrets. Therefore, the parties in this case are no longer limited to presenting proof of post-patent refinements and infringement thereof. The Court does not amend that portion of its June 18, 1998 order holding broadly that post-patent refinements qualify for trade secret protection as an exception to the general patent preemption rule.

### B. Defendants' Third Motion for Summary Judgment

The Defendants' third motion for summary judgment asserts that no evidence exists in the record from which a fact-finder could reasonably conclude that any part of HSI's process that HSI identified as a trade secret was a post-patent refinement. Because the Court has amended its order as stated above, the defendants' third motion for summary judgment is moot.

Nevertheless, as a result of amending the Court's order and removing the limitation of proof to that of post-patent refinements, the Court must decide whether to grant summary judgment on the remaining claims. Specifically, the Court now must decide whether the record contains any evidence indicating that HSI possessed any trade secrets at the time of the defendants' alleged infringement.

The Court finds that a genuine issue of material fact exists as to whether HSI possessed any trade secrets at the time of the defendants' alleged infringement. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (holding that summary judgment is appropriate only when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law). In comparing the claims of HSI's patent for liquid smoke, (doc. 28, exh. 13), with HSI's original list of 31 items it claimed to be trade secrets, (doc. 18, ex. F), the Court finds that

a jury reasonably could conclude that HSI possessed trade secrets in its liquid smoke.[2] Therefore, the Court DENIES the defendants' motion for summary judgment.

### III. Conclusion

The Court GRANTS the plaintiff's motion to alter or amend the June 18, 1998 order, DENIES the defendants' third motion for summary judgment, and DENIES the plaintiff's motion for oral argument.

An appropriate ORDER will enter.

### *ORDER*

For the reasons stated in the accompanying memorandum, the Court GRANTS the plaintiff's motion to alter or amend the June 18, 1998 order, DENIES the defendants' third motion for summary judgment, and DENIES the plaintiff's motion for oral argument.

It is so ORDERED.

---

2. *See* HSI's Mem. in Supp. of M. to Alter or Amend, at 4–5 (doc. 80). In its supporting memorandum, HSI stated that the patent does not refer to the following 16 items of the 31 originally asserted trade secrets: numbers 8, 12–13, 15, 17–19, 21, 23–25, 27–31. Although HSI con-

cedes that the patent makes reference to the other 15 items of the original list of 31 asserted trade secrets, it is a question for the jury whether that reference within the patent constitutes disclosure to the point that the items lose trade secret status.